UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK LUCAS, III,<br><br>              Plaintiff,<br><br>       v.<br><br>CITY OF SACRAMENTO POLICE DEPARTMENT, et al.,<br><br>              Defendants. | No. 2:20-cv-1441 JAM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He has also filed a petition for writ of mandate.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

2

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint alleges that the City of Sacramento Police Department, Sacramento County District Attorney's Office, Sacramento County Public Defender's Office, Sacramento County Superior Court, and Officer Brandon Lundgren violated plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments. Specifically, plaintiff alleges that Sacramento police officers made contact with him based on a wrongful identification and forced a search, after which they falsely arrested him without a warrant. ECF No. 1 at 3. The district attorney, public defender, and superior court are all allegedly aware of the constitutional violations, but have continued to keep plaintiff unlawfully imprisoned and have not allowed him to move forward to dismiss the case. Id. He further asserts that he has been denied the right to self-representation, that the court and public defender will not allow him to address the court directly, and that they have used a civil commitment to keep the case from moving forward. Id. at 4-5.

### IV. Failure to State a Claim

#### A. Lundgren and the City of Sacramento Police Department

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and

3

conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted)). Additionally, "municipalities and other local government units . . . [are] among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). However, "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385.

Although plaintiff names defendant Lundgren as a defendant, he does not make any allegations against him and therefore fails to state a claim. ECF No. 1 at 3. He also fails to identify any police department policies that led to the alleged violation of his rights. Id. Moreover, since the claim against the police department arises from plaintiff's arrest, and it appears that Lundgren was one of the officers involved in plaintiff's arrest,[1] this court is barred from considering plaintiff's claims because according to the complaint the criminal proceedings stemming from the arrest are still ongoing.

Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not interfere with a pending state criminal case. "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (citations and footnote omitted). Younger abstention is required

> if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.

Id. at 1092 (citations omitted).

---

[1] Plaintiff identifies Lundgren as the arresting officer in his petition for mandate. ECF No. 6 at 2.

4

In the instant case, the court finds that all four requirements for exercising Younger abstention are met. Based on plaintiff's allegations and the state court's docket, the state-initiated criminal proceeding against plaintiff appears to still be ongoing.[2] The second requirement for Younger abstention is also met because "state criminal proceedings implicate important state interests." Lazarus v. Baca, 389 F. App'x 700, 701 (9th Cir. 2010) (citing Kelly v. Robinson, 479 U.S. 36, 49 (1986); Rose v. Mitchell, 443 U.S. 545, 585 (1979); Younger, 401 U.S. at 43-44). Finally, no reason exists that would bar the state court from addressing plaintiff's unlawful arrest and unreasonable search claims, and allowing him to proceed in federal court before the conclusion of his state court proceedings would have the practical effect of enjoining the state proceedings because a decision in plaintiff's favor would require a finding that his arrest and search violated the constitution.

### B.  Sacramento County Public Defender's Office

Plaintiff does not identify any policy or practice of the Public Defender's Office that would result in the violation of his constitutional rights. ECF No. 1 at 3-5. Moreover, the allegations in the complaint appear to be based upon the conduct of the public defender assigned to represent plaintiff in his criminal proceedings, although that individual is not identified. Id. Not only is there "no respondeat superior liability under section 1983," Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), but "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law," West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Since the allegations are based solely on the public defender's representation of plaintiff in his criminal proceedings, the claims must fail.

////

---

[2] A search of the Sacramento County Superior Court's docket using the case number provided in plaintiff's petition for mandate, ECF No. 6, confirms that criminal proceedings are still ongoing.

### C. Sacramento County Prosecutor's Office

As with the other entities plaintiff names as defendants, there are no allegations of a policy or practice within the prosecutor's office that has led to the violation of plaintiff's rights, and plaintiff's allegations against the Sacramento County Prosecutor's Office appear to be based upon the conduct of the prosecutor in his pending criminal action. As noted above, there is no respondeat superior liability under § 1983. Furthermore, prosecutors are absolutely immune from liability when performing the traditional functions of an advocate and acts that are "intimately associated with the judicial phase of the criminal process." Kalina v. Fletcher, 522 U.S. 118, 125 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted). Since plaintiff's claims are based on the prosecutor's conduct in prosecuting plaintiff in his criminal proceedings, these claims must also fail.

### D. Sacramento Superior Court

Plaintiff's claims against the Sacramento County Superior Court are barred by sovereign immunity. "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) (citations omitted). This immunity extends to state courts, which are state agencies. Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir. 1997) ("[S]tate case law and constitutional provisions make clear that the [California Superior] Court is a state agency." (alteration in original) (citation and internal quotation marks omitted)). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). Accordingly, any claims against the state court must be dismissed.

### V. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies,

6

unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted. Amendment would be futile because the named defendants cannot be sued for their actions, and the allegation of additional facts would not overcome the applicable immunities or Younger abstention principles. The complaint should therefore be dismissed without leave to amend.

VI.     Petition for Writ of Mandate

Plaintiff has filed a writ of mandate in which he requests that this court order the state court to dismiss the charges against him and immediately release him from custody. ECF No. 6 at 5. "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." Clark v. State of Washington, 366 F.2d 678, 681 (1966) (citations omitted); Demos v. U.S. Dist. Court for the E. Dist. Wash., 925 F.2d 1160, 1161 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court." (citing 28 U.S.C. § 1651)). Petitions which seek "to obtain a writ in this court to compel a state court to take or refrain from some action . . . are frivolous as a matter of law." Demos, 925 F.2d at 1161-62. Accordingly, the petition is frivolous and must be dismissed. Moreover, no amount of amendment would grant this court jurisdiction over the state courts and no leave to amend should be granted. Cato, 70 F.3d at 1005-06.

VII.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

It is being recommended that your complaint be dismissed because you have not alleged facts that state a claim for relief. It is being recommended that the dismissal be without leave to amend because this court cannot interfere in your state court criminal proceedings and most of the defendants are immune.

7

In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

IT IS FURTHER RECOMMENDED that:

    1. The complaint be dismissed without leave to amend for failure to state a claim.

    2. Plaintiff's petition for writ of mandate, ECF No. 6, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 7, 2021

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8